**In re WESTWOOD PLAZA APARTMENTS, LTD., Debtor.**

**Bankruptcy No. 91–41536–A.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Feb. 4, 1997.

Joyce W. Lindauer, Dallas, TX, for Debtor.

### OPINION

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is the Post–Confirmation Modification to Debtor's Confirmed Plan of Reorganization Dated September 9, 1991, as modified, filed by WESTWOOD PLAZA APARTMENTS, LTD.. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

This case began when Westwood Plaza Apartments, Ltd. (hereinafter referred to as the "debtor"), filed its Chapter 11 Plan of reorganization on September 9, 1991. This Plan was subsequently modified and was confirmed by the Bankruptcy Court on August 3, 1992.

The Department of Housing and Urban Development (hereinafter referred to as "HUD"), appealed the confirmation of the Plan to the United States District Court for the Eastern District of Texas. On January

24, 1996, the District Court affirmed in part and reversed in part. The District Court affirmed in all respects except the finding that the plan complied with 11 U.S.C. § 1129(b). More specifically, it held that a three percent rate of interest on the unsecured claim of HUD is clearly erroneous. The District Court's remand instructed the bankruptcy court to conduct further proceedings consistent with its Memorandum Opinion and Order.

The Debtor then filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit and filed with this Court a "Post–Confirmation Modification to Debtor's Confirmed Plan of Reorganization Dated September 9, 1991, as Modified." The Motion seeks to modify the unsecured claim by having the Debtor pay $310,000.00 in full satisfaction of the claim. This amount represents 10% of the unsecured claim. HUD responded by filing an objection to the Modification.

Debtor filed a Motion to Dismiss the Appeal to the Fifth Circuit pursuant to a settlement whereby HUD would dismiss their Objection to Modification. HUD asserted that no settlement had been reached and therefore did not dismiss their objection. This Court has before it the modification and HUD's Objection to Modification.

### DISCUSSION

The issue before this Court is whether the Post–Confirmation Modification to Debtor's Confirmed Plan of Reorganization is proper at this point in time and in accordance with the instructions on remand by the United States District Court for the Eastern District of Texas.

Debtor argues that the filing of its Post–Confirmation Modification is proper and now brings the plan into compliance with 11 U.S.C., § 1129(b) in accordance with the District Court ruling. In support of its proposition Debtor cited *In re Western Real Estate Fund Inc.*, 109 B.R. 455 (Bkrtcy.W.D.Okl. 1990). In that case, a similar situation occurred in that the District Court remanded several issues, one being the erroneous interest rate determination. The bankruptcy court on remand however addressed other issues raised by Debtors in their Plan Amendment and Supplemental Disclosure. *Id.* Debtor believes that the ruling in *In re Western Real Estate Fund Inc.* gives this court the authority to take into consideration the Post–Confirmation Modification on remand.

While this court finds that there is a slight similarity these cases are still very different. First, in *In re Western Real Estate Fund Inc.*, the ultimate conclusion on remand was that the plan of reorganization should not have been confirmed. *Id.* at 459. While in this case, the District Court affirmed the bankruptcy opinion except for the determination of the interest rate on the unsecured claim. Second, in *Western Real Estate Fund Inc.*, the District Court did not specifically require that the remand be limited to a determination of an appropriate interest rate, but allowed the proceeding on remand to be much broader. *Id.* While in this case, the District Court stated specifically what was to be determined on remand.[1] *In re Westwood Plaza Apartments Ltd.*, 192 B.R. at 695.

The "mandate rule" of the law of the case doctrine provides that the trial court must adhere closely to the dictates of the appellate court and it is error to grant relief not mandated by the remanding appellate court. *Cole Energy Development Co. v. Ingersoll–Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993); *Turner v. Avery*, 198 B.R. 192, 194 (E.D.La.1996). Explicit rulings on issues that were before the higher court and explicit directives by that court to the lower court concerning proceedings on remand are not dicta. *Id.*

Therefore, it is this Court's duty to follow the explicit directives given by the District Court on remand. Before this Court can consider the proposed modification, it must first determine the proper interest rate to be used on the unsecured claim to bring the

---

1. The District Court held that the issue of Plan feasibility pursuant to 11 U.S.C. § 1129(b) is moot in light of its remanding to the bankruptcy court for reconsideration of a new interest rate on HUD's unsecured claim.

Plan into compliance with 11 U.S.C. § 1129(b).

## CONCLUSION

For the foregoing reasons, the Post Confirmation Modification of Debtor's Confirmed Plan of Reorganization Dated September 9, 1991 as Modified should be denied. Furthermore, a hearing shall be held to determine a proper interest rate to be used on the unsecured claim in order to comply with the Judge Brown's remand order.